UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW RUIZ, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-cv-00085-GCS |
| JOHN R. BALDWIN, | ) |
| ALBERTO BUTALID, | ) |
| JEFFREY DENNISON, | ) |
| SCOTT THOMPSON, | ) |
| and | ) |
| WEXFORD HEALTH SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Andrew, an inmate within the Illinois Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred Pinckneyville Correctional Center. Now pending before the Court are Defendants' March 15, 2021 motions on the issue of exhaustion (Doc. 40, 41, 43). That same day, Defendants filed the required Federal Rule of Civil Procedure 56 notice to Ruiz informing him of the of the consequences of failing to respond to the motions for summary judgment. (Doc. 42, 44). As of this date, Ruiz has not responded to

the motion for summary judgment.[1] For the following reasons, the Court **GRANTS** the motions.

## DISCUSSION

The following claims survived the Court's screening of the complaint pursuant to 28 U.S.C. § 1915A:

**Count 1** – Eighth Amendment claim against Butalid for deliberate indifference to serious medical need;

**Count 2** – First Amendment retaliation claim against Butalid for denying medical care in response to Ruiz's filing grievances against him;

**Count 3** – Eighth Amendment claim against Thompson and Baldwin for deliberate indifference to serious medical need; and

**Count 4** – Eighth Amendment claim against Wexford Health Services, Inc., for deliberate indifference to Plaintiff's serious medical needs based on its policies and practices that resulted in a denial of medical care.

(Doc. 15). The Court also added the Warden of Pinckneyville Correctional Center as a Defendant because Ruiz also seeks injunctive relief.

## ANALYSIS

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Pursuant to the Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison

---

[1] Pursuant to Local Rule 7.1(c), Plaintiff's lack of a response could be interpreted as an admission of the merits of the motions.

administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement – exhaustion must occur before suit is filed. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his circuit has taken a strict compliance approach to exhaustion"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

As stated before, Ruiz has not responded to the motion despite being warned through Defendants' Rule 56 Notices and the time to respond to the motion has passed. The Court considers Ruiz's failure to respond as an admission of the merits of the motions filed by Defendants. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission and the record before the Court, the Court finds that Ruiz did not exhaust his administrative remedies prior to filing this lawsuit.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions for summary judgment on the issue of exhaustion filed by Defendants. (Doc. 40, 43). The Court **DISMISSES without prejudice** Ruiz's claims against Defendants. Further, the Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: April 28, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.28 10:44:03 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**